**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEVIN JOHNSON, # Y-26289, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-cv-1338-SMY |
| UNKNOWN PARTY, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kevin Johnson is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). On June 29, 2018, this action was severed from Plaintiff's original case, *Johnson v. Moore, et al.*, Case No. 18-cv-953-DRH, filed on April 16, 2018. (Doc. 1). The original case includes a number of claims that arose while Plaintiff was an inmate at the Harrisburg (Saline) County Jail. The instant severed case contains Count 8, which describes events at Pinckneyville. For clarity, the Court will continue to refer to this claim as Count 8 in this action:

> **Count 8:** Unknown Party exhibited deliberate indifference to plaintiff's medical needs by denying him glasses and/or failing to address his migraine headaches, when he was housed at Pinckneyville, in violation of the Eighth Amendment.

(Doc. 1, p. 8).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint with reference to Count 8, the Court concludes that this action is subject to summary dismissal for failure to state a claim

upon which relief may be granted. However, rather than dismissing the case at this stage, the Court will give Plaintiff an opportunity to submit an amended complaint in order to correct the deficiencies in his pleading.

## The Complaint

The portions of the Complaint which relate to Count 8 are sparse. Plaintiff alleges:

> I am going blind because of I have no glasses[.] I have migraines everyday because of my eyes[.] I have headaches all the time because I fell in County Jail and they did nothing and still not doing nothing[.] I have been in prison since 12-05-17.

(Doc. 2, p. 8).

Plaintiff filed a grievance over his medical issues. He says he is "still begging for help." *Id.* He includes a copy of a grievance form dated February 10, 2018, in which he claimed that he had written to Health Care about his headaches and migraines because he has no glasses. (Doc. 2, p. 14). The grievance contains a number of other medical complaints. The officer responding to Plaintiff's grievance advised him to write to the Health Care Unit so he could be seen at Nurse Sick Call for his issues. (Doc. 2, p. 13).

Plaintiff did not include any Pinckneyville official as a defendant in this action. (Doc. 2, pp. 1-2). And the Complaint's request for relief states only that Plaintiff wants "to put a stop to the crookedness of Saline County and make them hire [a] nurse and hire someone who has a license to pass out medication." (Doc. 2, p. 15).

## Merits Review Pursuant to 28 U.S.C. § 1915A

As noted above, this action contains only the claim designated as Count 8. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in

this Order should be considered dismissed without prejudice.

>**Count 8:** Unknown Party exhibited deliberate indifference to plaintiff's medical needs by denying him glasses and/or failing to address his migraine headaches, when he was housed at Pinckneyville, in violation of the Eighth Amendment.

Count 8 shall be dismissed without prejudice, with leave to re-plead the claim in an amended complaint.

## Dismissal of Count 8 – Deliberate Indifference to Serious Medical Needs

In order to state an Eighth Amendment claim for deliberate indifference, the Complaint must demonstrate that (1) the Plaintiff suffered from an objectively serious medical condition, and (2) an individual prison official knew that the Plaintiff faced a substantial risk of harm from that condition, but either acted or failed to act in disregard of that risk. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez*, 680 F.3d at 86.

An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). An inadvertent error, negligence or even ordinary malpractice on the part of a medical provider is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's vision problems, lack of eyeglasses, and daily migraines indicate that his condition is objectively serious and that he is in need of medical attention. However, the Complaint fails to satisfy the subjective component of a deliberate indifference claim. The Court added the "Unknown Party" Defendant because Plaintiff failed to identify any responsible

individual, or describe any interactions he has had with any Pinckneyville official(s), in his efforts to seek medical assistance for his eyes or headaches. If Plaintiff has brought his medical problems to the attention of Pinckneyville officials and requested help, he may have a viable claim against any person(s) who knew about his condition but failed to respond. But the claim cannot proceed until Plaintiff identifies the individual(s) who allegedly were deliberately indifferent to his need for glasses and/or migraine treatment. Additionally, Plaintiff must describe what efforts he made to seek help for his conditions, and how the Defendant(s) responded. A general claim that Plaintiff has been "begging for help" at Pinckneyville is not sufficient.

Federal Rule of Civil Procedure 8(a) requires a Complaint to include: "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." FED. R. CIV. P. 8(a)(2) and (3). A plaintiff is also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, to state a claim against a defendant, a plaintiff must set forth facts describing what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. Moreover, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).

Plaintiff's Complaint also fails to set forth any request for relief with respect to the alleged unconstitutional conduct of Pinckneyville officials; he states only that he wants Saline

County to correct problems at its jail. (Doc. 2, p. 15). The Complaint thus fails to comply with Rule 8(a)(3).

For the foregoing reasons, Count 8 fails to state a claim upon which relief may be granted. Accordingly, the Complaint will be dismissed without prejudice, with leave to amend.

## Disposition

The Complaint (Doc. 2) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before September 6, 2018). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-1338-SMY. The amended complaint shall include the claim designated as **COUNT 8** above, and shall **NOT** include any of the claims relating to events in the Harrisburg/Saline County Jail, which remain in the original action (*Johnson v. Moore, et al.*, Case No. 18-cv-953-DRH).

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time this case was severed from the original action, which contained the improperly joined claim in Count 8. The filing fee of $350.00 thus remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

7

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 9, 2018**

s/ STACI M. YANDLE
United States District Judge